# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| J.M. and<br>ESTATE OF DONTRE HAMILTON,<br><br>         Plaintiffs,<br>v.<br><br>CITY OF MILWAUKEE and<br>CHRISTOPHER E. MANNEY,<br><br>         Defendants. | Case No. 16-CV-507-JPS<br><br><br><br>**ORDER** |

  On April 12, 2017, the Court denied Defendants' motion for summary judgment on, *inter alia*, their qualified immunity defense. (Docket #94 at 45-48). Defendants are entitled to take an immediate appeal of the Court's ruling on that issue, without seeking leave, because "it is a final decision on the defendant's right not to stand trial and, as such, a collateral order." *Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013); *see Mitchell v. Forsyth*, 472 U.S. 511, 524-530 (1985) (describing collateral orders). Defendants gave notice of such an appeal on April 24, 2017. (Docket #95).

  Later that day, Plaintiffs filed a motion "to certify Defendants' appeal as frivolous and/or forfeited." (Docket #100 at 1) (capitalization altered). They cite the Seventh Circuit's *Apostol* opinion, which permits a district court to certify an appeal as frivolous if it finds a claim of qualified immunity "is a sham." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). Plaintiffs argue that the Court found disputed issues of fact on the qualified immunity issue, which normally precludes appellate review. *Guiterrez*, 722 F.3d at 1009. Plaintiffs push this principle too far, as *Guiterrez* explains:

> A district court's finding that there are genuine issues of material fact does not always preclude appellate review. [The Supreme Court's opinion in *Johnson v. Jones*, 515 U.S. 304 (1995)] prohibits us from reviewing the record to determine

> whether the district court erred in finding that a genuine issue of material fact exists, . . . and so we may not make conclusions about which facts the parties ultimately might be able to establish at trial[.] But *Johnson* does not prohibit us from considering the abstract legal question of whether a given set of undisputed facts demonstrates a violation of clearly established law. In reviewing this purely legal question, we take the facts as the district court assumed them when denying summary judgment, . . . or in a light most favorable to the plaintiff, the nonmovant[.]

*Id.* Defendants may not contest the Court's determinations regarding disputes of fact. They are free, however, to assert that even when the facts are viewing favorably to Plaintiffs, they warrant qualified immunity. Whatever the likelihood of success in this endeavor, it is no sham.

Plaintiffs further contend that Defendants have forfeited an appeal of qualified immunity. They rely on *Behrens v. Pelletier*, 516 U.S. 299 (1996), stating that "[w]hen a defendant seeks to immediately appeal a qualified immunity summary judgment decision on a question of law as authorized by *Behrens*, the defendant must have based their argument to the district court upon the version of the facts that the district court found sufficiently supported for purposes of summary judgment. 516 U.S. at 313." (Docket #100 at 4). The Court finds no such distinct holding in *Behrens*. Rather, it simply echoes the *Guiterrez* discussion quoted above. *Id.* at 312-13. Plaintiffs are free to present their forfeiture argument to the Court of Appeals, but the Court will not rely on it here to deny an otherwise valid appeal.

Plaintiffs' instant motion must be denied; Defendants' appeal will continue. Additionally, the Court will grant a stay of this matter in this Court, as Defendants have requested. (Docket #103). There is no logic in proceeding to trial, currently scheduled in less than three weeks, if the Court

of Appeals ultimately finds any merit in Defendants' appeal. *See Allman v. Smith*, 764 F.3d 682, 685-86 (7th Cir. 2014). This stay will be lifted when the mandate is issued by the Court of Appeals. If a trial is still required, it will be completed within 90 days following remand. The parties and their counsel should be guided accordingly.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to certify Defendants' appeal as frivolous or forfeited (Docket #100) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this matter's May 9, 2017 final pretrial conference, May 15, 2017 jury trial, and all other related deadlines (Docket #17) be and the same are hereby **VACATED**;

**IT IS FURTHER ORDERED** that Defendants' motion to stay proceedings in the district court (Docket #103) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the joint motion to amend the deadline for submitting hard copies of exhibits for trial (Docket #104) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that these proceedings be and the same are hereby **STAYED** until the mandate of the Court of Appeals is received in appellate case number 17-1854.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge